WENTWORTH & A. v. FARMINGTON & A.

Persons specially appointed by the court to act upon a single petition for a highway are county commissioners so far as that case is concerned, and are public officers, who are required by the constitution to take and subscribe the oath of allegiance and the oath of office before entering upon the discharge of their duties.

When commissioners were thus specially appointed to act on a single petition, and were sworn only to the faithful performance of their duty, and certificate of such oath was returned to the office of the clerk of the court, as required by statute, before they entered upon the discharge of their duties,—*held*, that this was constructive notice to all parties of all facts contained in said certificate, and that any party who would object to the qualifications of the commissioners must do so before the hearing, or his objection will be held to be waived.

When the commissioners make a report to this court upon such petition, and objection is made to its acceptance on the ground that the commissioners were not duly qualified, the court will consider the objection, and, if they find it well founded, will set aside the report or recommit the same, provided there is any party in court in a position to raise the objection. It is not enough in such a case to say that they were commissioners *de facto*. The case might be different if their report had been accepted, and some question of their qualifications had afterwards arisen between other parties.

PETITION of Moses L. Wentworth and others for a new highway in Farmington. The questions in the case arise upon a report laying out the highway prayed for, made at this term of court by Jesse R. Horne, Thomas M. Thompson, and John H. Roberts, who signed the report as " county commissioners of Strafford county." Thompson and Roberts were not, in fact, county commissioners. This petition had been twice heard before; and one of the old board of commissioners had become disqualified to act; and at the September term, 1870, the court, upon motion of counsel for Farmington, New Durham, and Strafford, declined to recommit it to any of the old board, and said Horne, Thompson, and Roberts were appointed by the court, with the consent and agreement of the counsel for the towns of Farmington, New Durham, Strafford, and the petitioners. Said Horne was at the time one of the county commissioners, duly qualified in that office according to law. Before entering upon the duties of their appointment, Thompson and Roberts were each sworn to the faithful and impartial discharge of their duties, and a certificate of their oaths was filed in the clerk's office in the following form:

"Strafford, ss.—Nov. 3, 1870. Then Thomas M. Thompson, of Lee, in said county, made solemn oath that he would faithfully and impartially discharge the duties of commissioner in the matter of the petition of Moses L. Wentworth and others, against the town of Farmington, for a new highway. Before me,

"DANIEL HALL, Justice of the Peace."

The town of Farmington objects to the acceptance of the report.

1. Because it does not appear from the said report that the said commissioners, or either of them, were ever qualified to act as such on said petition, and in hearing and determining the same, and in any business or matters relating thereto, by taking and subscribing the oath of allegiance to the State of New Hampshire, or had ever taken the oath of office before proceeding to act on said petition, or since.

2. That neither Thomas M. Thompson nor John H. Roberts, who were appointed by the court county commissioners to act as such on said petition, and who did so act, ever took the oath of allegiance to the State of New Hampshire, or the oath of office, before proceeding to the discharge of the duties of said office, or at any time since.

3. That neither of said commissioners, who have acted on said petition and made said report, was legally qualified to perform the duties of said office in manner and form as required by law.

The questions of law thus raised were reserved.

*G. N. Eastman*, for Farmington.

County commissioners are public officers. Gen. Stats., ch. 23. Such officers cannot legally perform any duties or acts before they take the oaths of office and allegiance. "Any person chosen governor, councillor, senator, or representative, military or civil officers, town officers excepted, accepting the trust, shall, before he proceeds to execute the duties of his office, make and subscribe the following declarations: viz., I, A B, do solemnly swear that I will bear faith and true allegiance to the State of New Hampshire, and will support the constitution thereof. So help me God.

"I, A B, do solemnly and sincerely swear and affirm that I will faithfully and impartially discharge and perform all the duties incumbent on me as ——————, according to the best of my abilities, agreeably to the rules and regulations of this constitution and the laws of the State of New Hampshire." Const. of N. H., art. 24.

"No person chosen *or appointed to any public office, under any law,* shall exercise such office, or perform any act therein, until he shall have taken the oath of office therefor." Gen. Stats., ch. 17, sec. 4 ; *Goodwin* v. *Milton,* 25 N. H. 458.

Thompson and Roberts were not, in fact, county commissioners, but were appointed by the court to act as such, on the petition in this case, but were not qualified for the office as required by the constitution and statutes of the State. It is true that they were sworn, but

they did not take the oaths of allegiance and office; and in consequence of this omission, their acts (as objection to them on this account was never waived) were void, and of no effect. We are aware of no decision that makes against this position. In all the cases bearing on this question of waiver, examined by us, the oaths were taken during the hearing, and no objection *made at the time;* or, the party was put on inquiry, and thus the objection was waived. In *Gallup* v. *Mulvah,* 26 N. H. 132, the fence-viewers took the oath of office on the day of hearing. In the *Petition of Gilford,* 25 N. H. 124, the commissioner took said oath on the day of hearing, and before proceedings were had ;—also, see *Towns* v. *Stoddard,* 30 N. H. 23.

In *Goodwin* v. *Milton* the town had evidence which should have put them on inquiry. Durgin, the officer, objected to as not having taken the oath of allegiance, had taken that of office, and that, with his appointment, was read over to the town at the hearing. The court held that this was sufficient to put the town on inquiry, and the objection should have been made at the time.

We had nothing to warn us and put the town on inquiry, and therefore the objections have not been waived. The oath taken by Thompson and Roberts is unknown to the law relating to county commissioners, except where, after a notice of hearing, one of the number is unable to attend at the time and place appointed ; and in such case the commissioners present may appoint a person *who has served* in said office to act in his stead, who shall be sworn to act faithfully and impartially in the proceedings on the petition. Gen. Stats., ch. 62, secs. 1, 2, 3.

This is in accordance with the constitution and statutes of the State, for the appointee must be a person who has served in said office, and therefore have taken the oaths of allegiance and office.

This statute, in thus carefully guarding the appointment of officers, when the circumstances are most pressing, also presents an argument in favor of these exceptions, which, we submit, is conclusive.

*Small* and *Sanborn,* for the petitioners.

The only point of the exceptions of the defendant is, that these commissioners were not commissioners *de jure.*

I. They were county commissioners *de facto,* as to this petition. In order to constitute one an officer *de facto,* it is enough that there be some color of an election or appointment. *Wilcox* v. *Smith,* 5 Wend. 231–234. One may be an officer *de facto,* notwithstanding he has not taken the oath of office.

In *Merrill* v. *Palmer,* 13 N. H. 184, the officer who served the writ acted by virtue of a special deputation, under the hand and seal of the sheriff, endorsed upon the back of the writ. Plea in abatement, that the officer was not *sworn* before he served the writ. The court held that the appointment constituted him an officer *de facto,* and that that was conclusive evidence of the authority under which he assumed to

act as to third persons.   In the case of *Moore* v. *Graves*, 3 N. H. 408, the objection was that the officer serving the writ was not a legal officer, and that he had not taken the oath required by law.   The appointment was special upon the back of the writ.

The court held that this commission was clearly enough to constitute him an officer *de facto*, and to show that he was not a usurper or interloper.   To the same effect are *Jones* v. *Gibson*, 1 N. H. 266 ; *Johnston* v. *Wilson*, 2 N. H. 205 ; *Tucker* v. *Aiken*, 7 N. H. 113 ; *Bixby* v. *Harris*, 26 N. H. 129 ; *Bucknam* v. *Ruggles*, 15 Mass. 180.   And these cases also show that the doctrine applies alike to elective officers and officers by appointment.

Upon the point that these commissioners were officers *de facto*, the present case is not distinguishable from *Merrill* v. *Palmer* and *Moore* v. *Graves;* and it is clearly sustained by the general doctrine as to what constitutes an officer *de facto*.

II.   In cases where the public or third persons are interested, it is sufficient to show that county commissioners, or other officers, were officers *de facto*.   *Carr* v. *Dodge*, 40 N. H. 404 ; *Dunlap* v. *Waldo*, 6 N. H. 450 ; *Prescott* v. *Hayes*, 42 N. H. 56, and authorities before cited.

And the fact that these commissioners were not so *de jure*, is an objection that cannot be made available to defeat, or in any way affect, the interests of those petitioners or the public.   *Doty* v. *Gorham*, 5 Pick. 487 ; *Nason* v. *Dillingham*, 15 Mass. 170 ; *Fowler* v. *Beebe*, 9 Mass. 231 ; *The People* v. *Collins*, 7 Johns. 549 ; *Wilcox* v. *Smith*, 5 Wend. 231, and authorities before cited.   Such objection can be taken only in a writ to which the officer is a party.   *Bean* v. *Thompson*, 19 N. H. 290.

III.   The acts of these commissioners not being in their nature void, nor made so by statute, though they were not duly qualified, their official acts are valid as to third persons.   *Johnston* v. *Wilson*, 2 N. H. 205 ; *Londonderry* v. *Chester*, 2 N. H. 268 ; *Jones* v. *Gibson*, 1 N. H. 268 ; *Dover* v. *Twombly*, 42 N. H. 59, and authorities there cited.

IV.   The defendants are not in a situation to question the qualification of these commissioners.

When one has distinctly recognized the official capacity of another, he cannot afterwards offer *evidence* against the validity of his appointment.   *Horn* v. *Whittier*, 6 N. H. 93, 94 ; *Johnston* v. *Wilson*, 2 N. H. 206, and authorities there cited.

The case finds that the court refused to recommit the report to the old board upon the objection of these defendants, and that the court appointed these commissioners by the consent and agreement of the defendants ; and, as matter of fact, the defendants appeared, and were fully heard before these commissioners ; and we submit, it would be a fraud upon these plaintiffs to permit the defendants now, after so much expense has been incurred, to question the qualification of the commissioners.

V.   The defendants have waived all objections to the qualification of

these commissioners. The elected board of commissioners being, as to this case, set aside by the court, and this board appointed upon the defendants' motion, the defendants were bound to inquire and ascertain whether these commissioners, thus appointed, were duly qualified before the hearing at which the town appeared without objection, and was fully heard; and having taken no exception at the hearing, it was waived, and is not now open to the defendants. *Goodwin* v. *Milton*, 25 N. H. 470.

*Peavey*, for Strafford.

*Wheeler*, for New Durham.

SARGENT, J. The position that persons who acted *de facto*, as commissioners in this proceeding, must be taken to have been such *de jure*, and that their qualifications cannot be inquired into in this case, is not well taken. When called on to accept a report of commissioners, or of any other officer to whom the court has sent a question of fact to be tried, it seems proper that the court should examine to see if such triers of the fact were properly qualified, and acted in the discharge of their duties according to law; and if not, to set aside or recommit their report, provided any party is found to be in a position to take exception.

This board, after its appointment, was to perform the duties of county commissioners, so far as that petition was concerned. It was only as county commissioners that they had any authority to lay out this or any other highway, except as selectmen of a town. We know of no law authorizing the court to appoint referees to lay out a highway, or authorizing referees to perform, in any case, the duties of county commissioners. The commission issued to them as county commissioners; and, so far as that case was concerned, they were the commissioners.

No question is raised as to the manner of their appointment. They were appointed upon the defendants' motion, and all parties had full knowledge of the manner of and of the reasons for their appointment, and made no objections at the time; and they do not now object on that ground, nor could they be heard to do so if they would. *Johnston* v. *Wilson*, 2 N. H. 202–206; *Horn* v. *Whittier*, 6 N. H. 93. But the objection is, that these commissioners, after their appointment, were not duly qualified by taking the necessary oaths of allegiance and of office. To this objection the answer is made, that these men were not public officers, but were like referees who were assigned to a particular duty in a particular case, and need not be sworn. But, as we have already seen, this answer is not satisfactory. If it was necessary in any case that the commissioners should be sworn, then why not in this case? The parties had the same right to a thorough examination, a careful investigation, and correct decision in this case as in any other. So far

as this case is concerned, this board must be regarded as county com-missioners, as public officers, who should, by the requirements of the constitution, not only have taken, but subscribed the oath of office and the oath of allegiance in the form prescribed in the constitution.

In this case the qualifications of two of the commissioners were de-fective in this, that it does not appear that they either took or sub-scribed the oath of allegiance in any form, and that the oath of office which they took was not subscribed by them, nor was it in the required form. Gen. Stats., ch. 23, secs. 1 and 2 ; Const. of N. H., part 2, art. 84 ; Gen. Stats., ch. 17, sec. 4.

But it is said that commissioners appointed to fill vacancies are not required by law to take and subscribe the oaths required by the consti-tution ; and from this it is argued that such appointees are not public officers within the meaning of the constitution. Chapter 62, sec. 1, Gen. Stats., provides that the chairman of the board shall appoint a time and place of hearing on each petition, and shall give the proper notices. Section 2 provides that " if any one of the commissioners is unable to attend at said time and place, the commissioners present may, by writing under their hands, appoint a person *who has served in said office* to act in his stead." Section 3 provides that " the person so appointed shall be sworn to act faithfully and impartially in the pro-ceedings upon the petition, and shall have the powers and perform the duties of a county commissioner in relation thereto." The last part of sec. 3 makes him a county commissioner for that case, and, of course, a public officer, *pro hac vice ;* and the only reason why any different form of oath is allowed in that case must be, simply, that no man can be appointed to that place by the other two commissioners, except it be a man " who has served in said office,"—that is, a person who has been elected, and duly qualified by taking and subscribing the necessary constitutional oaths ; in addition to which, this statute prescribes another for that particular case.

To suppose that the statute intended to make the oath there specified sufficient, in a case where both the constitutional oaths had not been taken and subscribed before, would be to suppose that the legislature which made the law did not know of the constitutional provision, or intended to make a statute in direct violation of it,—neither of which can be supposed. This was the form of the oath administered in this case. But here the persons appointed as commissioners had not served in said office previously, and had not taken and subscribed the consti-tutional oaths, so far as appears in this case. And the taking of that oath is no compliance with the constitutional requirement.

By the provisions of sec. 6, ch. 63, Gen. Stats., any justice of this court may appoint a commissioner in place of one who is interested, upon the petition of a commissioner. In such case, the one appointed becomes a county commissioner for that case,—a public officer, who must take the oaths which the constitution requires before he will be qualified to act. So, in the case before us, the two commissioners, Thompson and Roberts, were not duly qualified to act ; and this is a

valid objection to their action, and to their report, if there are any parties here who can now insist upon this objection.

This leads us to the last point in the case, viz., whether the parties who now object to the report are in a position to take advantage of this objection, or whether they have waived that right by not making this objection earlier; for after verdict it is too late to take exceptions that could have been taken earlier, because if taken before they might have been obviated. *Haynes* v. *Thom,* 28 N. H. 386; *Frost* v. *Martin,* 29 N. H. 306; *Knowles* v. *Dow,* 22 N. H. 387–411; *Watson* v. *Walker,* 23 N. H. 471; *State* v. *Flanders,* 38 N. H. 324.

Any objection to jurors, or other officers selected to try facts, if known to the party or his counsel at the trial, must be made before verdict, or they will be held to be waived. *Rollins* v. *Ames,* 2 N. H. 349; *State* v. *Daniels,* 44 N. H. 385; *Farmer* v. *Goodwin,* cited in same. And in such cases it must be made to appear affirmatively that neither the party objecting, nor his counsel, had any knowledge of the existence of the fact or defect objected to, before verdict, or the final report upon the facts in the case. See same authorities. Now in this case we have not been furnished with any evidence that either the town authorities, or agent, or their counsel, did not, some or all of them, know of the existence of the defect now objected to at the time of the trial; and upon the authorities cited, that alone would be a sufficient ground for holding that the objection was waived. For aught that appears, the town authorities and agents and counsel of Farmington may all have had full knowledge of all the facts in the case as they are now shown to exist, and yet did not object.

But we do not need to rest the cause upon that point alone. It was held, in *Goodwin* v. *Milton,* 25 N. H. 458, 470, that the same principles were to be applied in case of road commissioners, now county commissioners, as in case of jurors, and that when a person had been appointed to fill a vacancy in a board of commissioners, who had taken the oath of office but had not taken that of allegiance, it was " too late to take an exception on that account, after the coming in of the report, if it shall appear that the party excepting knew, before the hearing, that the oath of allegiance had not been taken, or if there were sufficient facts before him to put him on inquiry." In other words, the party is to be charged with notice and knowledge of whatever he might reasonably have learned, upon making reasonable inquiry, after his attention had been called to the subject. In that case the oath of office was taken and subscribed before the hearing commenced, and was read in the hearing of the party excepting, and nothing was said about any oath of allegiance. *Held,* that this was sufficient to have put the party upon inquiry, to ascertain whether the oath had been taken, and if not, to have raised the objection, when it could have been removed.

Keeping in view the leading points of that case as to notice, and also that the same principles are to be applied in case of commissioners as in case of jurors, let us examine some other cases bearing upon this point. Where the ground of exception to a juror appeared upon the

venires which had been returned to and were on file in the office of
the clerk of the court, and had become a part of the records of the
court, there it was held that the existence of such evidence, and the
knowledge of its existence by all parties and their counsel, was equiva-
lent to notice ; that this was enough to put the party upon inquiry, and
that if he made the proper inquiry he could not help finding the defect;
and that unless he did so, and made the objection before verdict, it
came too late.   *State* v. *Hascall,* 6 N. H. 352 ; *Bodge* v. *Foss,* 39 N. H.
406 ; *Pittsfield* v. *Barnstead,* 40 N. H. 477.

But the cases go further than this even, for in *Wilcox* v. *School Dis-
trict,* 26 N. H. 303, it is held that where the grounds of objection ap-
pear on the records of the town from which the juror is drawn, the
objection must be taken before verdict, or be held to be waived, the
fact of the existence of such record being held equivalent to notice to
the party of what it contains.

Now the statute requires that every justice of the peace shall keep a
record of every such oath by him administered (which includes all
State and county officers), in a book to be kept for that purpose, and
shall make return to the office of the secretary of State of every oath
by him administered to any officer appointed by the governor and
council, and to the office of the clerk of the supreme court of every
oath administered by him to any county officer, within one month.
Gen. Stats., ch. 17, sec. 8.

Here is a provision for having all oaths administered to the county
commissioners filed with the clerk of the court, as much as there is
for having the venires for jurors returned to the same place.   When
this is done, the parties have the same means of ascertaining the qual-
ifications of commissioners, so far as the taking of the required oaths
are concerned, as they have in case of jurors, by an examination of the
returns on the venires, or the records of the town clerks in each town.
In the case before us, the case expressly finds that these commission-
ers, Thompson and Roberts, had taken a certain oath, which had been
returned, or a certificate of the same had been filed in the clerk's office
before entering upon the duties of their appointment.   Here, then, was
the evidence on record in the proper place, before they commenced the
discharge of their duties, and this was notice to every one of what
oaths they had taken and what they had not; at least, it was sufficient
to put every party upon inquiry as to everything which was or was
not contained in the oath which had been taken.   *Goodwin* v. *Milton,*
*supra.*

It was notice that the oath which they did take was not such as the
constitution prescribed as the oath of office, and that it was not sub-
scribed by the commissioners as it should have been, and that no oath
of allegiance had been taken, or subscribed, at least, in that case.   The
same reason exists for holding that this public record of the oath, at
the place where the law requires it to be kept, shall operate as a notice
to all parties, in case of commissioners as well as in case of jurors,
and that they should be held to examine these records seasonably, so

as to make their objections, if any are found to exist, so early that the same may be removed or obviated before the hearing, or the coming in of the report.   These cases already cited dispose of this case; but see *Amherst* v. *Hadley*, 1 Pick. 38–42, and cases cited.; *Walker* v. *Green*, 3 Greenl. 215; *Fellow's case*, 5 Greenl. 333; *Hill* v. *Yates*, 12 East 229; *Rex* v. *Hunt*, 4 B. & Ald. 430; *Queen* v. *Hepburn*, 7 Cranch. 290; and *Burnham* v. *Goffstown*, 50 N. H. 560.

These objections come too late, and must be overruled, and there must be                                                      *Judgment on the report.*